**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Howard FREIBERG, Defendant—**
**Appellant.**

No. 01–50074.
D.C. No. CR–00–00079–CRM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 18, 2002.

Decided Feb. 19, 2002.

Before SCHROEDER, Chief Judge, McKEOWN, Circuit Judge, and ZILLY,[1] District Judge.

## MEMORANDUM *

Howard Freiberg appeals from a sentence imposed by the district court following his guilty plea to twelve counts of mail fraud, in violation of 18 U.S.C. § 1341, and two counts of wire fraud, in violation of 18 U.S.C. § 1343, resulting from a fraudulent scheme centered around his ostrich breeding ventures. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand for resentencing.

■ Freiberg first argues that the district court erred in enhancing his base offense level twelve points, pursuant to U.S.S.G. § 2B1.1, because it failed to offset the aggregate amount Freiberg's investors lost by any actual value that they may have received from his scheme. Freiberg, however, did not raise this argument at

sentencing or otherwise object to any of the Presentence Report's factual findings regarding loss, and has thus waived any challenge relating to those underlying facts. *United States v. Manarite,* 44 F.3d 1407, 1419 n. 18 (9th Cir.1995).

■ Freiberg also argues that the district court erred by enhancing his sentence pursuant to § 2F1.1(b)(4) after finding that he had violated a California state administrative order by soliciting the purchase of security interests. We review the district court's factual findings for clear error, *United States v. Sayakhom,* 186 F.3d 928, 946 (9th Cir.1999), *as amended by* 197 F.3d 959 (9th Cir.1999), *cert. denied,* 528 U.S. 1179, 120 S.Ct. 1216, 145 L.Ed.2d 1117 (2000), and its interpretation of California law de novo. *United States v. Jackson,* 72 F.3d 1370, 1377 (9th Cir. 1995). The record demonstrates that during a meeting with two undercover federal agents, Freiberg pitched investment opportunities that purported to, among other things, allow prospective investors to earn profits without contributing their own services or assisting in managerial operations. He also failed to specify whether the agents' potential capital investment would have been secured adequately by the fair market value of individual ostriches or other aspects of the breeding operation. Such an offering constituted a security under California law. *See* Cal. Corp.Code § 25019 (West 2002); *Hamilton Jewelers v. Dep't. of Corps.,* 37 Cal.App.3d 330, 112 Cal.Rptr. 387, 390–91 (1974). Consequently, the district court did not clearly err in enhancing Freiberg's sentence pursuant to § 2F1.1(b)(4).

■ Finally, Freiberg contends that the district court erred by enhancing his base offense level by four points pursuant to

---

1. The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

U.S.S.G. § 3B1.1(a) because of his leadership role in an "otherwise extensive" fraudulent scheme. We review de novo the district court's interpretation of a sentencing guideline. *Sayakhom,* 186 F.3d at 946. Subsequent to Freiberg's sentencing proceeding, we clarified in *United States v. King,* 257 F.3d 1013 (9th Cir.2001), that § 3B1.1(a) requires the government to prove that a defendant supervised at least one other "participant" who had independent criminal liability. *Id.* at 1024. Here, the district court did not make any such findings. We therefore vacate the district court's enhancement of Freiberg's sentence pursuant to § 3B1.1(a) and remand for resentencing so that the district court can consider the leadership role enhancement in light of *King.*

AFFIRMED in part, VACATED in part, and REMANDED.